**Hilda L. COOK, Plaintiff-Appellee,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant-Appellant.**

No. 77–2236
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 23, 1978.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

from which she suffered, overturned his finding as unsupported by substantial evidence.

Mrs. Cook's primary complaints are degenerative arthritis and hypertension and high blood pressure (hypertensive vascular disease)—all apparently progressive and complicated by obesity. There is substantial evidence in the record that, at least by 1974 and perhaps as early as 1973, these ailments had progressed to such a point as to be disabling. Theoretically distending this progress backward in time, however, brings the reasoner up on awkward contemporary findings about their *actual* progress before the end of 1971.

As to her hypertensive vascular disease, Dr. Joseph A. Kuljis, a general practitioner treating her, noted her blood pressure as 90 diastolic in May of 1967. In late 1972, physicians at Keesler Air Force Base noted a finding of 98 diastolic. Regulations of the Secretary, not attacked here, specify a diastolic pressure consistently in excess of 100 as the threshold for disability resulting from hypertensive vascular disease. Social Security Reg. No. 4, § 403, Appendix to Subpart P. No backward projection of her diastolic pressure of 115 in 1973 can pass these lower actual findings in 1967 and 1972, which bracket the crucial date of December 31, 1971.

The same is true of her degenerative arthritis. In November of 1971, Dr. Kuljis noted mild arthritic changes (unspecified as to location) and, in February of 1972, both longstanding moderate hypertension and mild arthritis in both ankles. Physicians at Keesler, also in November of 1971, noted that her arthritic changes were mild. And in January of 1972, an orthopedic surgeon conducted a general examination of plaintiff's back, left knee and left ankle which revealed an essentially normal picture, though he did ascertain a narrowing of the disc space between her fourth and fifth lumber vertebrae which might later become severe enough to require surgical stabilization.

We cannot say that these contemporary findings about Mrs. Cook's major com-

Robert E. Hauberg, U. S. Atty., L. A. Smith, III, Asst. U. S. Atty., Jackson, Miss., William Kanter, Atty., Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C., Richard C. Phillips, Carl H. Harper, Regional Atty., Atlanta, Ga., for defendant-appellant.

T. Glover Roberts, Gulfport, Miss., for plaintiff-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

PER CURIAM:

The Secretary of Health, Education and Welfare appeals the district court's reversal of his decision denying disabled widow's benefits to plaintiff Hilda L. Cook. To establish entitlement to these benefits, it was necessary that Mrs. Cook show, among other things, that she was so disabled by December 31, 1971, as to be unable to engage in "any gainful activity." 42 U.S.C. §§ 402(e)(5), 423(d)(2)(B) (1970). The Secretary found that she was not, and the court below, reasoning backward from later medical evaluations of degenerative diseases

plaints, those which later became disabling, do not constitute substantial evidence supporting the Secretary's finding that she was not disabled as of December 31, 1971; to the contrary, they do. The decision of the district court must, therefore, be REVERSED.